USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/9/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                      :
                                                            :
OLD CARCO LLC (f/k/a Chrysler LLC), *et al.*,               :
                                                            :
                           Debtors.                      :
------------------------------------------------------------X
GARY HENSON,                                                :
                                                            :
                          Appellant,                    :    13 Civ. 02398 (LGS)
                                                            :
              -against-                                    :    OPINION AND ORDER
                                                            :
OLD CARCO LIQUIDATION TRUST as the                          :
successor in interest to Old Carco LLC f/k/a                :
Chrysler LLC,                                               :
                                                            :
                          Appellee.                     :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       Creditor Gary Henson appeals from a decision of the United States Bankruptcy Court (Bernstein, J.) denying the Debtors' proposed limited assumption and assignment of the Supplemental Executive Retirement Plan.  For the reasons discussed below, the Bankruptcy Court's decision is affirmed.

**I.  BACKGROUND**

**A.  Relevant Facts**

       On April 30, 2009, Old Carco LLC f/k/a Chrysler LLC ("Chrysler") and 24 of its affiliated debtors and debtors in possession (collectively, the "Debtors") commenced bankruptcy proceedings by filing voluntary petitions under Chapter 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York.  Appellee Old Carco Liquidation Trust is the successor in interest to each of the Debtors.

       On May 3, 2009, the Debtors filed a motion ("Sale Motion") seeking authority to sell

substantially all of their assets to Chrysler Group LLC f/k/a New CarCo Acquisition LLC ("New Chrysler").  On May 8, 2009, the Bankruptcy Court entered an order establishing certain procedures for the Debtors to designate executory contracts and unexpired leases for assumption and assignment to New Chrysler pursuant to Section 365 of the Bankruptcy Code.  According to the order, the Debtors were permitted to file and serve notices identifying executory contracts for assumption and assignment, and counterparties to those contracts were permitted to file objections within ten days.

On May 22, 2009, the Debtors filed a notice ("Designation Notice") designating the Supplemental Executive Retirement Plan ("SRP") for partial assumption as an executory contract and assignment to New Chrysler, pursuant to Section 365 of the Bankruptcy Code, subject to certain terms and conditions.  The SRP established the terms of supplemental benefits payable to certain retired executives in connection with their former employment by Chrysler.  The Designation Notice indicated that the Debtors sought to assume and assign the SRP only as to the actively employed plan participants and retired plan participants under the age of 62, and in effect reject the SRP as to all remaining plan participants.  The Addendum to Annex B of the Designation Notice stated that the Debtors were designating the SRP for assumption by and assignment to New Chrysler (a) to the extent the SRP was an executory contract and (b) subject to any other limitations set forth in Annex B.

On May 31, 2009, the Court issued an opinion granting the Debtors' Sale Motion and overruling all pending objections to the Sale Motion except for certain objections relating to Chrysler's proposed assumption and assignment of executory contracts and associated proposed cure amounts, preserving those objections for a later date.  On June 1, 2009, the Bankruptcy Court entered an order approving the sale to New Chrysler.  The Debtors closed the sale on June 10, 2009.  On June 11, 2009, New Chrysler filed a notice ("Confirmation Notice") stating that it

accepted assignment of the SRP on the same terms and subject to the same conditions and limitations set forth in the Designation Notice.

On June 1, 2009, Appellant Gary Henson filed an objection to the Debtors' proposed partial assumption of the SRP and sought determinations as to the appropriate cure amounts. Mr. Henson is a former Chrysler executive and participant in the SRP who retired before the filing of Chrysler's bankruptcy petition, and who was 67 years old in 2009 when he filed the objection.

On January 30, 2013, Old Carco Liquidation Trust filed an Omnibus Reply to Objections to the Assumption and Assignment of SRP. On February 1, 2013, Appellant Henson and three other creditors jointly filed a Sur-Reply.

**B.  The Bankruptcy Court's Decision**

On February 5, 2013, the Bankruptcy Court held a hearing on the objections to the Debtors' partial assumption and assignment of the SRP. At the hearing, Judge Stuart M. Bernstein noted as an initial matter that the SRP was never assumed, because the Debtors designated the SRP as an executory contract subject to objection, which the objectors exercised. Judge Bernstein then concluded that the SRP was not an executory contract and, therefore, could not be assumed by the Debtors. Judge Bernstein found that the SRP did not contain anything in the nature of a restrictive covenant or other obligations that required performance by Henson or any other beneficiary under the SRP; rather, the provisions put forth by Henson were conditions to payment or receiving benefits. In his oral opinion, Judge Bernstein (a) denied the Debtors' motion to assume and assign the SRP on the terms set forth in the Designation Notice and the Confirmation Notice; (b) sustained in part and overruled in part the creditors' objections; and (c) struck the SRP from the Debtors' Designation Notice and Confirmation Notice. Judge Bernstein further found that even if the SRP were an executory contract, it could not be partially assumed in the manner proposed by the Debtors, because a debtor may not partially assume the obligations of

an executory contract.  On February 19, 2013, Judge Bernstein issued an Order reflecting these rulings.

On March 5, 2013, Appellant filed a timely notice of appeal.  On appeal, Appellant seeks review of the Bankruptcy Court's order only with respect to its conclusion that the SRP was not an executory contract.

## II. STANDARD OF REVIEW

When reviewing a Bankruptcy Court's decision, this Court "accept[s] its factual findings unless clearly erroneous but review[s] its conclusions of law de novo." *In re DG Acquisition Corp.*, 151 F.3d 75, 79 (2d Cir. 1998).  This appeal raises one issue of law for the Court's review: whether the SRP is an executory contract under Section 365(a) of the Bankruptcy Code.  Accordingly, the Court's review is *de novo*.

## III. DISCUSSION

### A. Applicable Law

"Section 365 of the Code [in conjunction with Section 1107] provides that, with exceptions not pertinent here, a trustee or chapter 11 debtor-in-possession may, with court approval, assume or reject any executory contract or unexpired lease of the debtor." *In re Penn Traffic Co.*, 524 F.3d 373, 378 (2d Cir. 2008) (citing 11 U.S.C. § 365(a)).  "Assumption is in effect a decision to continue performance.  It requires the debtor to cure most defaults and continues the parties' rights to future performance under the contract or lease."  *Id*.  "The plain language of the Code permits a chapter 11 trustee (and, by extension through § 1107, a debtor-in-possession) to assume or reject the executory contract 'at any time before the confirmation of a plan.' "  *Id.* at 378-79 (quoting 11 U.S.C.A. § 365(d)(2)).

The Bankruptcy Code does not provide a definition for the term "executory contract."  In determining whether a contract is executory, many courts have adopted a standard first articulated

4

by Professor Vern Countryman, under which an executory contract is one " 'under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other.' " *Id.* at 379 (quoting Vern Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 Minn. L. Rev. 439, 460 (1973)).  Under the Countryman test, a contract will be deemed executory only if "material future performance obligations remain on both sides" of the contract.  *In re Bluman*, 125 B.R. 359, 362 (Bankr. E.D.N.Y. 1991) (citing *In re Chateaugay Corp.*, 102 B.R. 335, 345 (Bankr. S.D.N.Y. 1989)).

The Second Circuit has not adopted the Countryman test, but has characterized an executory contract as one " 'on which performance remains due to some extent on both sides.' " *Eastern Air Lines, Inc. v. Ins. Co. of Pa.*, 85 F.3d 992, 998-99 (2d Cir. 1996) (quoting *Nat'l Labor Relations Bd. v. Bildisco & Bildisco*, 465 U.S. 513, 522 n.6 (1984)).  In *Eastern Air Lines*, the court did not address the question of how much performance must be outstanding for the contract to be executory.  In *In re Penn Traffic Co.*, the Second Circuit noted that most courts and scholars look to the Countryman standard in determining whether a contract is executory, but the court declined to "determine the precise contours of the test for executoriness."[1]  *In re Penn Traffic Co.*, 524 F.3d at 379.

B. Analysis

In this case, Appellant seeks review of the Bankruptcy Court's determination that the SRP is not an executory contract under Section 365(a) of the Bankruptcy Code.  The Court finds that the SRP is not an executory contract, because Appellant does not have any material performance

---

[1] Some courts have adopted a "functional approach" to determining executoriness.  *See, e.g.*, *In re Gen. Dev. Corp.*, 84 F.3d 1364, 1374-75 (11th Cir. 1996); *In re Drexel Burnham Lambert Grp., Inc.*, 138 B.R. 687, 707-09 (Bankr. S.D.N.Y. 1992).  This alternative definition has never been specifically acknowledged by the Second Circuit, and does not need to be applied here.

obligations remaining under the SRP.  *Eastern Air Lines, Inc.*, 85 F.3d at 998-99.

Appellant argues that the SRP is an executory contract because the parties to the SRP had substantial performance obligations remaining at the time of Chrysler's bankruptcy petition, and the failure of those obligations would constitute material breach of the contract.  Appellant identifies the following performance obligations: (1) actively employed SRP participants were required to continue working for the company until they became eligible for retirement benefits under the SRP; (2) retired SRP participants were prohibited from working for competing firms prior to reaching age 65 (or within two years of leaving the company under the December 31, 2008, version of the SRP); and (3) Chrysler was required to make certain payments to the participants of the SRP.

The relevant provisions identified by the objectors are section 4.05(B) of the 1996 SRP and section 4.7(A) of the 2008 SRP.  Both provisions detail conditions under which retirees are eligible to receive payment under the SRP, but neither provision creates any affirmative obligation on the part of the retiree.  Section 4.05(B) of the 1996 SRP provides:

> [A]n Employee who retires under an employment contract at his option on or after his 55th birthday but before his 65th birthday shall be entitled to receive [payments] under this Plan . . . as set forth in the following table: . . . .  Provided, however, that in the case of an Employee retiring under this Section 4.05B who is employed or becomes employed by any company other than the Corporation, payment of his monthly retirement benefit . . . shall not be made . . . .

Similarly, Section 4.7(A) of the 2008 SRP provides:

> If an Employee has five or more years of Credited Service . . . and he (i) does not resign to work for a Competing Firm . . . or (ii) was not discharged for cause, then he shall have a 100% nonforfeitable interest in his [retirement benefit].  If an Employee [within two years after resignation] becomes employed by a Competing Firm . . ., any [amounts payable under the SRP] will be permanently forfeited.

Both provisions contain conditions of payment for receiving benefits, not obligations.  As to the supposed obligation of retirees to continue working until they became eligible for retirement

benefits, the retirees did not have an enforceable contractual obligation to work for a set period, which if breached would result in a damage claim by Chrysler. Similarly, retirees had no contractual duty not to work for a competitor. They simply needed to refrain from doing so under certain circumstances to qualify for payment of retirement benefits. As Judge Bernstein accurately stated, no participant promised to do anything. *See In re Columbia Gas Sys. Inc.*, 50 F.3d 233, 241 (3d Cir. 1995) ("[I]f the remaining obligations in the contract are mere conditions, not duties, then the contract cannot be executory for purposes of § 365 because no material breach could occur." (citing Restatement (Second) of Contracts § 225(3) ("Non-occurrence of a condition is not a breach by a party unless he is under a duty that the condition occur."))).

The Court concludes that the SRP is not an executory contract because no performance obligations remain for Appellant. Because the SRP is not an executory contract, it cannot be assumed by the Debtors. Accordingly, Appellant's objection is overruled.

## III. CONCLUSION

For the reasons stated, the decision of the Bankruptcy Court is AFFIRMED. The Clerk is directed to close this case.

SO ORDERED.

Dated: September 9, 2013
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE